UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin S. Klainski, d/b/a Flightline Aircraft Rebuilds of Anola,<br><br>Plaintiff,<br><br>vs.<br><br>Wipaire, Inc, a Minnesota corporation,<br><br>Defendants. | Court File No. _____<br><br><br><br>**COMPLAINT** |

Kevin S. Klainski, d/b/a Flightline Aircraft Rebuilds of Anola ("Plaintiff") for his claims against Defendant Wipaire, Inc. ("Defendant") states and alleges as follows:

**The Parties, Jurisdiction, and Venue**

1. Plaintiff is a citizen of Canada with his principal place of residence being Box 21 ARP 45 R.R.1., Anola, Manitoba, ROE 0A0.

2. Defendant Wipaire, Inc. is a Minnesota corporation with its principal executive office located at 1700 Henry Ave – Fleming Field, South St. Paul, MN 55075.

3. The matter in controversy, exclusive of interests and costs, exceeds the sum specified by 28 U.S.C. § 1332.

4. This Court has jurisdiction based on 28 U.S.C. § 1332 (a) (2).

5. Venue is proper based on 28 U.S.C. § 1391 (a) (1) and (2).

6. Plaintiff reserves the right to amend his Complaint to set forth additional claims in this matter and/or add additional parties to this matter as discovery continues. Specifically, Plaintiff reserves the right to add Robert Wiplinger as a defendant should discovery indicate such an action is warranted pursuant to Minnesota law.

## Factual Allegations

7. On or about April 29, 2011, Plaintiff purchased the following aircraft from the United States Aviation Underwriter:

> Aircraft Make: Cessna
>
> Aircraft Model: T206H
>
> Aircraft Year: 1999
>
> Aircraft Registration Number: N206MW
>
> Aircraft Serial Number: T20608091
>
> Wipline Floats: Wipline 3450A's SN: 34159/34160

(the "Aircraft")

8. Plaintiff and Defendant entered into an aircraft purchase agreement on or about August 3, 2011 (the "Aircraft Purchase Agreement"). A true and correct copy of the Aircraft Purchase Agreement is attached as Exhibit A and incorporated herein by reference.

9. By the terms of the Aircraft Purchase Agreement, Plaintiff agreed to sell the Aircraft to Defendant, and Defendant agreed to purchase the Aircraft from Plaintiff for $110,000.00 USD (the "Purchase Price").

10. By the terms of the Aircraft Purchase Agreement Defendant agreed to pay the Plaintiff the Purchase Price by corporate check after Defendant received two bills of sale: one bill of sale for the Aircraft from the Estate of Joseph E. Solari to Plaintiff; and a second bill of sale for the Aircraft from Plaintiff to Defendant.

11. Plaintiff delivered the Aircraft to Defendant on or about August 3, 2011.

12. Plaintiff delivered a bill of sale to the Defendant for the Aircraft from the Estate of Joseph E. Solari to Plaintiff in or about September 2011.

13.     Plaintiff delivered a bill of sale to the Defendant for the Aircraft from Plaintiff to Defendant in or about September 2011.

14.     In or about September 2011, the Estate of Joseph E. Solari delivered directly to the Defendant an amended bill of sale for the Aircraft from the Estate of Joseph E. Solari to the Plaintiff.

15.     Defendant did not pay Plaintiff the Purchase Price upon its receipt of the bills of sale.

16.     By letter dated October 21, 2011, Plaintiff informed Defendant that because of its failure to pay Plaintiff the Purchase Price that it was in breach of the Aircraft Purchase Agreement. Plaintiff demanded payment of the Purchase Price within 10 days.

17.     On or about November 2, 2011, after receiving no response to his October 21, 2011, demand letter, Plaintiff spoke with Defendant's Chief Executive Officer Robert Wiplinger by phone. Plaintiff demanded immediate payment of the Purchase Price or that Defendant return the Aircraft to Plaintiff. Mr. Wiplinger refused both of Plaintiff's demands.

18.     Defendant has not paid Plaintiff the Purchase Price.

19.     Defendant has not returned the Aircraft to Plaintiff.

20.     On information and belief, the Aircraft has been either stripped or disassembled, as such, return of the Aircraft is no longer acceptable to Plaintiff.

## Count 1 – Breach of Contract

21.     The allegations of paragraphs 1 through 16 are incorporated as if set forth fully herein.

22.     Plaintiff and Defendant entered into the Aircraft Purchase Agreement by which Plaintiff agreed to Sell to Defendant and Defendant agreed to purchase from Plaintiff the Aircraft for $110,000.00 USD.

23.     Plaintiff has fully performed the contract.

24. All conditions precedent to Defendant's duties under the Aircraft Purchase Agreement have been satisfied.

25. In breach of the Aircraft Purchase Agreement, Defendant has failed to pay the Purchase Price to Plaintiff.

26. As a result of Defendant's breach of the Purchase Agreement, Plaintiff has been damaged in an amount in excess of $75,000.00.

## Count II - Conversion

27. The allegations of paragraphs 1 through 22 are incorporated as if set forth fully herein.

28. Defendant has converted to his own use the Aircraft, which is the property of the Plaintiff.

29. Defendant has refused Plaintiff's demand for the Aircraft's return.

30. As a result of Defendant's conversion of the Aircraft, Plaintiff has been damaged in an amount in excess of $75,000.00.

## Count III – Unjust Enrichment

31. The allegations of paragraphs 1 through 29 are incorporated as if set forth fully herein.

32. Plaintiff delivered the Aircraft to Defendant on or about August 3, 2011.

33. Defendant accepted Plaintiff's delivery of the Aircraft on or about August 3, 2011.

34. Defendant—in that it has not paid Plaintiff for the Aircraft—has been unjustly enriched.

35. Plaintiff has suffered damages in an amount in excess of $75,000.00.

Wherefore, Plaintiff asks the Court:

1. That judgment be entered against Defendant and in favor of Plaintiff for all damages proved in the instant cause, including, but not limited to the Purchase Price of the Aircraft in accordance with the Aircraft Purchase Agreement.

2. That Plaintiff be awarded all of the costs, disbursements, and reasonable attorneys' fees that he incurred in bringing this action.

3. For such other relief as the Court deems just and equitable.

Dated: December 5, 2011

BARNA, GUZY & STEFFEN LTD.

By: _____
Thomas P. Malone, #66989
B. Joe M. Wearmouth, #390310
200 Coon Rapids Boulevard
400 Northtown Financial Plaza
Minneapolis, MN 55433
(763)780-8500
Attorneys for Plaintiff

5